**BROWN & CONNERY, LLP**
Christine P. O'Hearn, Esquire
Kayla L. Louis, Esquire
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KIMBERLY BILLUPS,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**THE DEVEREUX FOUNDATION a/k/a DEVEREUX ADVANCED BEHAVIORAL HEALTH NEW JERSEY,**<br><br>**Defendant.** | Case No.:<br><br><br>**NOTICE OF REMOVAL** |

**TO:** Clerk
United States District Court for the District of New Jersey
Clarkson S. Fisher Building
402 East State Street
Room 2020
Trenton, New Jersey 08608

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, The Devereux Foundation a/k/a Devereux Advanced Behavioral Health New Jersey ("Defendant"), hereby removes this action from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey.

7558530

**PLEASE TAKE FURTHER NOTICE** that the grounds for removal of this action are as follows:

1. On December 10, 2018, Plaintiff, Kimberly Billups ("Plaintiff") commenced a civil action in the Superior Court of New Jersey, Law Division, Mercer County, entitled and captioned <u>Kimberly Billups v. The Devereux Foundation a/k/a Devereux Advanced Behavioral Health New Jersey</u>, Case No. L-2548-18 (hereinafter, the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. The above-described action is one over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441, in that it is a civil action between citizens of different states as more fully shown below, and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

3. Plaintiff was at the time of this action commenced and still is a citizen of the State of New Jersey. Specifically, Plaintiff is an individual who is domiciled at 234 Maple Avenue, Trenton, New Jersey 08618. <u>See</u> Exhibit A at ¶2.

4. At the time the Complaint was filed, and at all times since, including at the time of this Notice of Removal, Defendant was and is a citizen of the State of Pennsylvania. Specifically, Defendant is a corporation incorporated in the State of Pennsylvania with its principal place of business in the State of Pennsylvania. (<u>See</u> Certification of Christine P. O'Hearn, Esq. at ¶¶2, 3).

5. Plaintiff did not state a demand for damages in any specific amount in her Complaint. However, the allegations of the Complaint set forth a cause of action of wrongful termination of employment in violation of public policy for which Plaintiff seeks compensatory damages including damages for emotional distress, loss of reputation and other personal injury, consequential damages, punitive damages, enhancement for tax liability, costs of suit, and any other relief the Court deems just. (See Exhibit A at ¶15.) Accordingly, Defendant asserts in good faith that the amount in controversy exceeds $75,000.

6. This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000. Therefore, Plaintiff's Complaint is removable pursuant to 28 U.S.C. § 1441(a) and (b).

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty (30) days of Defendant's receipt of Plaintiff's Complaint.

8. Venue in this District is proper under 28 U.S.C. § 1441(a) because this District includes the Superior Court of New Jersey, Law Division, Mercer County, the forum wherein this action was pending.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being promptly served on counsel for Plaintiff and a copy of this Notice of Removal is being promptly filed with the Clerk of the Superior Court of New Jersey, Law Division, Mercer County.

10. No admission of fact, law, or liability is intended by the filing of this Notice of Removal and Defendant expressly preserves any and all defenses, objections, denials, and/or motions available under state and/or federal law. By filing this Notice of Removal, Defendant does not concede that Plaintiff is entitled to any damages sought in her Complaint.

**WHEREFORE**, Defendant, hereby removes this action from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**BROWN & CONNERY, LLP**
*Attorneys for Defendant*

Date: March 8, 2019         By: *s/ Christine P. O'Hearn*
                                Christine P. O'Hearn, Esquire
                                Kayla L. Louis, Esquire

## **CERTIFICATE OF SERVICE**

I, Christine P. O'Hearn, Esquire, hereby certify that, on March 8, 2019, I caused a true and correct copy of Defendant's Notice of Removal, and supporting documents, to be served via electronic filing and/or regular mail upon the following:

> Thaddeus P. Mikulski, Jr., Esq.
> 116 Washington Crossing Road
> Pennington, NJ 08543
> *Attorney for Plaintiff*
>
> Clerk, Law Division
> Superior Court of New Jersey
> Mercer County Court
> 175 South Broad Street
> Trenton, NJ 08650-0068
>
> Michelle M. Smith, Clerk
> Superior Court of New Jersey
> Hughes Justice Complex
> 25 W. Market Street
> P.O. Box 971
> Trenton, New Jersey 08625

Date:  March 8, 2019                                         **BROWN & CONNERY, LLP**

                                                                    */s/ Christine P. O'Hearn*
                                                                    Christine P. O'Hearn, Esq.

# EXHIBIT A

*RECEIVED 2/6/19 4:00 PM SERVED AT WEST DEPTFORD OFFICE*

## SUMMONS

| | |
|---|---|
| Attorney(s) | Thaddeus P. Mikulski, Jr., Esq. |
| Office Address | 116 Washington Crossing Road |
| Town, State, Zip Code | Pennington, NJ 08534 |
| Telephone Number | (609) 303-0222 |
| Attorney(s) for Plaintiff | KIMBERLY BILLUPS |

**Superior Court of New Jersey**

| | |
|---|---|
| Mercer | COUNTY |
| Law | DIVISION |

Docket No: MER-L-2548-18

KIMBERLY BILLUPS

Plaintiff(s)

Vs.
THE DEVEREUX FOUNDATION

Defendant(s)

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro.se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle M Smith*
Clerk of the Superior Court

DATED: 12/13/2018

Name of Defendant to Be Served: THE DEVEREUX FOUNDATION

Address of Defendant to Be Served: 286 MANTUA GROVE BLDG 4 WEST DEPTFORD NJ 08066

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**Thaddeus P. Mikulski, Jr. (7141983)**
116 Washington Crossing Road
Pennington, NJ 08543
(609) 303-0222

Attorney for Plaintiff, Kimberly Billups

---

| | |
|---|---|
| **Kimberly Billups,** | **Superior Court of New Jersey** |
| | **Mercer County - Law Division** |
| **Plaintiff** | |
| | **Docket Number:** |
| vs. | |
| | **Civil Action** |
| **The Devereux Foundation a/k/a** | |
| **Devereux Advanced Behavioral** | **Complaint and** |
| **Health New Jersey** | **Jury Demand** |
| | |
| **Defendant** | |

---

Plaintiff, Kimberly Billups, by way of Complaint against Defendant, The Devereux Foundation a/k/a Devereux Advanced Behavioral Health New Jersey, states:

### COUNT ONE
### WRONGFUL TERMINATION OF EMPLOYMENT
### IN VIOLATION OF PUBLIC POLICY

1. Defendant, The Devereux Foundation a/k/a Devereux Advanced Behavioral Health New Jersey, (hereinafter "Devereux") is a Pennsylvania not for profit corporation, which has offices and facilities in New Jersey, with a main office location in Deptford, New Jersey. Devereux provides behavioral health and other services to its customers, including customers with developmental disabilities.

1

2.  Plaintiff, Kimberly Billups, resides at 234 Maple Avenue, Trenton New Jersey 08618.

3.  In July 2016, Plaintiff began employment with Defendant as an aide to individuals with developmental disabilities, who resided at a Project Freedom facility in Mercer County, New Jersey.

4.  On or about September 28, 2016, Jane Doe, an individual with developmental disabilities, who resided at the Project Freedom facility, was placed by a Devereux employee, other than Plaintiff, in a wheelchair on a van to be transported under the care of ARC of Mercer County. It was reported to Devereux that Jane Doe was injured while under the care of ARC Mercer County. The injury to Dane Joe allegedly occurred as a result of some defective condition of a wheelchair or its wheel.

5.  On some date in November, 2016, Linda Peters, a manager with Devereux, called Plaintiff to inquire concerning the events or circumstances surrounding the injury of Jane Doe on or about September 28, 2016. Plaintiff answered the questions of Linda Peters, although she had no first-hand knowledge of the circumstances of the injury sustained by Jane Doe.

6.  Plaintiff asked Linda Peters why she was questioning her about the incident. Linda Peters advised her that the State of New Jersey, Division of Disability Services was investigating the incident.

7.  On or about December 9, 2016, Linda Peters called Plaintiff to inform her that her employment with Devereux had been terminated because she had been found guilty of neglect or abuse, presumably of Jane Doe. Michele

2

Price, Human Resources Manager, sent Plaintiff a letter dated December 23, 2016 confirming that she had been terminated from her employment effective December 10, 2016 "due to substantiated neglect of a consumer in (her) care."

8. After her termination, Plaintiff was advised by representative of the State of New Jersey, Division of Disability Services, that Devereux had reported an alleged incident of neglect or abuse by Plaintiff to the State of New Jersey, which had not been investigating an incident involving Jane Doe or Plaintiff.

9. Plaintiff during her employment with Devereux was not guilty of any act that would constitute neglect or abuse or other inappropriate conduct towards a consumer of Devereux and Linda Peters and all other employees of Devereux knew that there was no cause, let alone reasonable cause, to support any charge of neglect or other inappropriate conduct by Plaintiff of a consumer in her care.

10. Pursuant to *N.J.S.A.* 30:6D-73 *et seq*, the State of New Jersey has enacted a statutory scheme for the protection of individuals with developmental disabilities to protect them from injury by caregivers. The statutory scheme requires a case manager or case manager's supervisors and all other individuals responsible for the care of developmentally disabled individuals to report any acts of abuse and neglect or exploitation against an individual with a developmental disability, where they have reasonable cause to believe that such an act has been committed *N.J.S.A.* 30:6D-75. Such

failure to report acts of neglect or abuse gives rise to criminal and civil penalties and other financial consequences to those individuals and entities, such as Defendant, that provide care and assistance to individuals with developmental disabilities. The aforesaid statutory scheme also sets forth that the public policy of New Jersey requires that only acts of abuse or neglect supported by reasonable cause be reported.

11. Defendant and its employees terminated Plaintiff on account of their report without reasonable cause, indeed without any cause, to the State of New Jersey of a charge of neglect or abuse by plaintiff of an individual with developmental disabilities. Such termination violated the public policy of the State of New Jersey.

12. New Jersey common law provides that an employee has a private cause of action in tort where an employer discharges an employee contrary to a clear mandate of public policy. *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58 (1980).

13. Plaintiff was discharged by Defendant in violation of the law and public policy of New Jersey.

14. The Defendant's acts were performed with malice and a reckless indifference to the Plaintiff's protected rights with participation of upper management. Defendant's willful, wanton and malicious acts warrant an award of punitive damages.

15. As a result of the Defendant's intentional and outrageous actions towards the Plaintiff, the Plaintiff has suffered, and continues to suffer,

emotional distress, anxiety, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendant, for compensatory damages, including damages for emotional distress, loss of reputation and other personal injury, consequential damages, punitive damages, enhancement for tax liability, costs of suit and any other relief that Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b) 2

I hereby certify that to the best of my information, knowledge and belief that this matter in controversy is not the subject of any other action pending in any court or arbitration forum, that no other action or arbitration proceeding is contemplated, and that I am not aware of any other person who should be joined in this matter.

## TRIAL COUNSEL DESIGNATION PURSUANT TO *RULE 4:25-4*

Thaddeus P. Mikulski, Jr. Esquire is hereby designated trial counsel.

Dated: 12/10/18          /s/*Thaddeus P. Mikulski, Jr.*
                                   Thaddeus P. Mikulski, Jr.

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-002548-18**

**Case Caption:** BILLUPS KIMBERLY VS THE DEVEREUX FOUNDATION
**Case Initiation Date:** 12/10/2018
**Attorney Name:** THADDEUS P MIKULSKI JR
**Firm Name:** THADDEUS P. MIKULSKI
**Address:** 116 WASHINGTON CROSSING ROAD PENNINGTON NJ 08534
**Phone:**
**Name of Party:** PLAINTIFF : BILLUPS, KIMBERLY
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/10/2018                                    /s/ THADDEUS P MIKULSKI JR
Dated                                         Signed